FILED

MAR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID BROWN, | No. 10-15000 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00556-ACK-LEK |
| v. | |
| STATE OF HAWAII; LAURA THIELEN; NANCY MCMAHON, in her official capacity; MELANIE CHINEN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Argued and Submitted February 16, 2011
Honolulu, Hawaii

Before: TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

David Brown appeals the district court's grant of summary judgment to the

State of Hawaii, Melanie Chinen, and various defendants in their official

capacities. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Brown argues that Hawaii's State Historic Preservation Division ("SHPD") is violating the Native American Graves Protection and Repatriation Act, 24 U.S.C. § 3001 *et seq.*, by failing to properly inventory and care for Native Hawaiian human remains under its control. We agree with the district court that Brown did not meet the requirements for permanent injunctive relief because he did not demonstrate that he faced immediate or irreparable injury. *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1107 (9th Cir. 2003); *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 n.11 (9th Cir. 2006).

Brown also argues that the State, and Chinen in her individual capacity, decided not to renew his contract in retaliation for his criticisms of the SHPD. Most of Brown's speech was made "pursuant to his official duties" and was therefore unprotected under *Garcetti v. Ceballos*, 547 U.S. 410 (2006). Some of Brown's speech was protected, but Brown failed to controvert Chinen's declaration that she was unaware of the protected speech at the time she decided not to renew Brown's contract. Therefore, Brown's protected speech could not have motivated Chinen to retaliate against him. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 751 (9th Cir. 2001).

Finally, Brown appeals the award of attorney's fees to the State and Chinen. Because Brown did not file a separate notice of appeal after the fee award was

2

entered, we have no jurisdiction to review this claim. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

**AFFIRMED; appeal from fee award DISMISSED.**